UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKHDAR BOUMEDIENE *et al.*, ) | |
| ) | |
| Petitioners ) | |
| ) | |
| v. ) | Civil Case No. 04-1166 (RJL) |
| ) | |
| GEORGE W. BUSH *et al.*, ) | |
| ) | |
| Respondents. ) | |

CASE MANAGEMENT ORDER
(August 27, 2008)

Upon review of the filings made pursuant to the Court's July 31, 2008 Order, the relevant law, and the entire record herein, it is hereby **ORDERED** that the following procedures will govern the habeas corpus proceedings in the above-captioned case:[1]

I. **PRE-HEARING PROCEDURES:**

A. **Factual Returns**: The Government shall produce returns according to the schedule set forth in the Court's July 31, 2008 Order.[2] Each return shall be filed by 3:00 p.m. on the date set in the Order. The Government's return shall include, at a minimum, the factual basis for detention and a brief statement setting forth the Government's legal basis for detaining the petitioner. If the Government's basis for detention is the petitioner's status as an "enemy combatant," the Government must provide the definition of enemy combatant upon which it relies. In addition, the return may be amended or supplemented only by leave of the Court for good cause shown.

---

[1] This initial Case Management Order ("CMO") addresses procedural issues common to all the Guantanamo Bay detainee habeas petitions before the Court. The Court will issue similar CMOs for those cases in which returns are filed on September 23, 2008 and October 24, 2008. While the Court expects those CMOs to be substantially identical, it may need to amend or supplement the CMOs based on either the particular circumstances of each case or the experience gained from the *Boumediene* cases.

[2] Extensions of time from the deadlines set by the Court will be granted rarely and only for good cause shown.

1

B. **Unclassified Returns**: The Government shall file an unclassified version of the return no later than two weeks after the filing date set in the Court's July 31, 2008 Order.

C. **Status Conference**: The Court will hold a status conference within one week after the filing of the return at a date and time set by the Court. Counsel should be prepared to discuss, at a minimum, the following issues at this conference:

   a. any evidentiary/classification issues concerning the Government's return;
   b. what discovery, if any, the petitioner intends to request and when petitioner intends to make such request(s); and
   c. whether petitioner intends to file a single traverse or intends to file an initial traverse and a motion to amend or supplement the traverse.

D. **Discovery**: Discovery may only be obtained by leave of the Court for good cause shown. The petitioner requesting discovery must provide specific reasons for the request in writing. Any request for discovery must: (1) be narrowly tailored; (2) specify why the request is likely to produce evidence both relevant and material to the petitioner's case; (3) specify the nature of the request (*e.g.*, proposed interrogatories, requests for admission, or requested documents); and (4) explain why the burden on the Government to produce such evidence is neither unfairly disruptive nor unduly burdensome to the Government. The Government has three (3) calendar days to respond in writing to any discovery request. The Court may hold a hearing at its discretion to hear arguments on the discovery request(s). All discovery must be completed ten (10) calendar days prior to the hearing date.[3]

E. **Exculpatory Evidence**: The Government shall provide on an ongoing basis any evidence contained in the material reviewed in developing the return for the petitioner, and in preparation for the hearing for the petitioner, that tends materially to undermine the Government's theory as to the lawfulness of the petitioner's detention.

F. **Traverse**: The petitioner shall file a traverse in response to the Government's return. The traverse, including any amendments or supplements, shall be filed no later than seven (7) calendar days prior to the hearing date. The traverse shall include, at a minimum, the relevant facts in

---

[3] The Court will issue a separate order setting the dates for the habeas hearings.

support of the petition and a succinct rebuttal of the Government's legal justification for detention.

    G.    **Pre-Hearing Conference**: The Court will hold a pre-hearing conference prior to the habeas hearing at a date and time set by the Court. At this conference, counsel should be prepared to formulate and simplify the issues of law and fact to be resolved at the habeas hearing, identifying areas of agreement and dispute; explore evidentiary problems that may be expected to arise at the habeas hearing; and identify witnesses and documents to be presented at the habeas hearing.

**II.**    **HEARING PROCEDURES:**

    A.    **Burden and Standard of Proof**: The Government must establish, by a preponderance of the evidence, the lawfulness of the petitioner's detention. The Government bears the ultimate burden of persuasion that the petitioner's detention is lawful.

    B.    **Presumption in Favor of Government's Evidence**: The Court will determine, as to any evidence introduced by the Government, whether a presumption of accuracy and/or authenticity should be accorded the evidence. The petitioner will be given an opportunity to rebut any such presumption accorded the Government's evidence.

    C.    **Presentation of Evidence at the Habeas Hearing**: The Government will proceed first. At the completion of the Government's presentation, the petitioner may present evidence. At the close of petitioner's case, the Government may present either additional or rebuttal evidence. At the close of all the evidence, each side may present closing argument as to the lawfulness of the petitioner's detention. If a party is permitted to present live testimony during the habeas hearing, the opposing party will be permitted to cross-examine those witnesses.

    D.    **Hearsay**: Hearsay evidence that is relevant and material to the lawfulness of petitioner's detention may be admissible. The opposing party will have an opportunity to challenge the credibility and weight accorded any hearsay evidence.

    E.    **Petitioner's Attendance at Proceedings**: Although petitioners are prohibited by law from listening to the classified portions of the hearing, the Court will endeavor to provide them with telephonic access to the unclassified portion of the hearing. At a minimum, the petitioner's counsel

will have the opportunity to contact the petitioner by secure telephone on at least one occasion prior to presenting its case.

**SO ORDERED.**

                                            RICHARD J. LEON
                                            United States District Judge